## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | | |
|---|---|---|
| Cedric Dion Kearse, #330288, | ) | Civil Case No. 2:14-cv-03780-DCN-MGB |
| | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Edsel Taylor, Warden, | ) | |
| | ) | |
| **Respondent.** | ) | |
| _____ | ) | |

The Petitioner, a state prisoner proceeding *pro se*, seeks habeas relief pursuant to 28 U.S.C. § 2254.  This matter is before the Court on Respondent's Motion for Summary Judgment. (Dkt. No. 29; *see also* Dkt. No. 30.)  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review the instant petition for relief and submit findings and recommendations to the District Court.

The Petitioner filed this habeas action on September 25, 2014. (Dkt. No. 1.) On March 23, 2015, Respondent filed a Motion for Summary Judgment. (Dkt. No. 29; *see also* Dkt. No. 30.)  By order filed the same day, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Petitioner was advised of the summary judgment procedure and the possible consequences if he failed to adequately respond to the motion. (Dkt. No. 31.) On or about April 27, 2015, Petitioner filed his Response to Summary Judgment and Return. (Dkt. No. 33.)

## PROCEDURAL HISTORY

The Petitioner is currently confined at MacDougal Correctional Institution.  The grand jury in Orangeburg County grand jury indicted Petitioner in August 2008 for failure to stop for a blue light; trafficking in cocaine, 10-28 grams, third or subsequent offense; and possession with

intent to distribute crack cocaine, third or subsequent offense. [1] (Dkt. No. 30-1 at 115-120.)
Jillian Ullman, Esq. ("counsel"), along with Margaret Hinds, Esq., represented Petitioner on the
charges. On August 26, 2008, Petitioner pled guilty before the Honorable Kristi Harrington to
the failure to stop charge; and reduced charges of trafficking, second offense; and possession
with intent to distribute, second offense. The State made no recommendation on sentencing.
(Dkt. No. 30-1 at 121-123.)  Judge Harrington sentenced the petitioner to thirteen years in the
department of corrections for each of the drug charges and three years in the department of
corrections for the failure to stop charge.  Judge Harrington ordered these three sentences run
concurrently.  As part of the plea, the State dismissed two traffic tickets from an unrelated event,
and a pending charge for sex registry violation. (Dkt. No. 30-1 at 31.)  Petitioner appealed the
plea.

 Appellate Defender LaNelle Cantey Durant of the South Carolina Commission on
Indigent Defense, represented Petitioner on appeal. Appellate counsel filed a final brief of
appellant in the South Carolina Court of Appeals on June 11, 2009, and raised the following
issue:

> Did the trial court err in denying appellant's motion to have his counsel relieved
> which made appellant's guilty plea involuntary and not knowingly made?

(Dkt. No. 30-3 at 3.)  The State responded with its final brief on June 1, 2009. (Dkt. No. 30-4.)
On June 28, 2010, the South Carolina Court of Appeals issued an unpublished opinion affirming
the conviction. (Dkt. No. 30-1 at 136-138.) Petitioner did not file a petition for rehearing or

---

[1] These charges arose from a traffic stop for speeding.  After pulling over and briefly conversing
with the officer, Petitioner began driving again reaching speeds of 100 mph. Petitioner was the
only occupant of the vehicle.  Petitioner then lost control and flipped his vehicle. Petitioner ran
away on foot.  Petitioner was chased from the scene and apprehended.  In plain view in the
wrecked car, law enforcement officers found cocaine and cocaine base. (Dkt. No. 30-1 at18-19.)

appeal to the Supreme Court of South Carolina.  The Court of Appeals issued the remittitur on July 14, 2010. (Dkt. No. 30-5.)

On January 14, 2011, Petitioner filed an application for post-conviction relief ("PCR") in which he alleged the following error, "drug enhancement law." (Dkt. No. 30-1 at 35.) The State made its return to the application on June 20, 2011. (*Id.* at 40-43.)  An evidentiary hearing was held May 22, 2012, before the Honorable DeAndrea G. Benjamin, and the Petitioner was represented by Nicole Singletary, Esq. (*Id.* at 45.)  At the beginning of the hearing, Petitioner, through PCR counsel, amended the allegation to include the following specific claims of ineffective assistance of counsel:

1. failure to effectively communicate South Carolina's drug enhancement laws;

2. failure to investigate and subpoena witnesses; and,

3. failure to sufficiently confer with Applicant regarding his case.

(*Id.* at 48; 105.)  Additionally, Petitioner alleged his plea was not voluntarily and intelligently made in light of counsel's failures. (*Id.* at 48.)  At the conclusion of the hearing, Judge Benjamin denied relief and dismissed the application. (*Id.* at 99.)  Judge Benjamin issued her formal, written Order on June 4, 2012 which reflected her ruling at the hearing. (*Id.* at 104-112.) Petitioner appealed the denial of relief.

Appellate Defender Durant again represented Petitioner on appeal. On September 3, 2013, appellate counsel filed a *Johnson* Petition for Writ of Certiorari in the Supreme Court of South Carolina, and raised the following issue:

Did the PCR court err in failing to find plea counsel ineffective for not insuring that petitioner's guilty plea was entered freely, voluntarily and knowingly?

(Dkt. No. 30-6.)  Counsel also filed a petition to be relieved of appointment, pursuant to *Johnson v. State*, 294 S.C. 310, 364 S.E.2d 201 (1988), as "[i]n her opinion seeking certiorari from the order of dismissal [was] without merit." (*Id*).

By letter dated September 4, 2013, the Clerk of the Supreme Court of South Carolina advised Petitioner of his right to file a "*pro se* response to the petition" and "raise and argue any issues [he] believe[d] the Court should consider in [the] appeal." (Dkt. No. 30-7.) On October 21, 2013, Petitioner filed a *pro se* response, and presented the following issues:

> Did the trial court judge violate Federal Rule Criminal Procedure Rule 11(e)(1) 18 USCA participating in my plea discussion?
>
> Did the PCR court err in failing to find plea counsel ineffective for not insuring that my guilty plea was entered freely voluntarily and knowingly?

(Dkt. No. 30-8.) The Supreme Court of South Carolina denied the petition on August 21, 2014, (Dkt. No. 30-9) and issued the remittitur on September 8, 2014. (Dkt. No. 30-10.)

Petitioner filed the instant habeas petition (Dkt. No. 1) on September 25, 2014 wherein he raised the following grounds for review (verbatim):

> **GROUND ONE**: Counsel not present at critical stage concerning all plea bargains before expired 6th Amend Right to effective counsel
>
> **Supporting facts:** I was arrested on 4-12-08 had a eight year written plea expired on 7-9-08 before seeing counsel after several tried on 7-30-08 On 05-22-12 at PCR hearing trial counsel's self admitted not really good notes and memory said we met in August 2008 in agreement no contact between us on or before plea expired. Had a twelve year written plea expired on 8-21-08 but was notify by another counsel with family on 8-22-08 again my counsel not present until 8-25-08 on trial day
>
> **GROUND TWO**: Counsel fail to sufficiently confer with applicant, knowingly withheld evidence regarding case 6th Amend Right to effective counsel
>
> **Supporting facts:** I filed a motion to relieve counsel on 8-25-08 stating counsel is ineffective and using unprofessional tactics but was denied after plea discussion with Judge.   On 5-22-12 by counsel's own admission knowingly withheld discover evidence and legal advice denying applicant a chance to make an inform

and intelligent decision on whether to plea or go to trial. Counsel fail to inform me in a timely manner her not really good notes nor memory cannot help me nor herself against a very professional solicitor. Counsel gave testimony under oath.

**GROUND THREE**: Trial Judge Abused discretion denying motion to relieve counsel 5th and 6th Amend Right to fair trial and effective counsel.

**Supporting facts:** The Judge did not take into consideration counsel's no-shows unprofessional tactics lack of preparation and communication with applicant after showing the court a conflict of interest did exist with no client and attorney relationship ever establish. Besides counsel getting his signature on 8-21-08 not in good faith and leaving out of the room before the ink can dry on the paper

**GROUND FOUR**: Trial Judge participation in plea induce guilt by mental coercion overbearing defendant's will 5th Amend Right to a fair trial.

**Supporting facts:** When asked by Trial Judge Did anybody pressured me believed judge(s) are not involved after feeling the judge did nothing but added to the situation when told being pressured by trial counsel I asked my lawyer/solicitor what is the deal that is being extended the answer came from neither just more talk from the JUDGE

## <u>APPLICABLE LAW</u>

### Summary Judgment Standard

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." *The News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth*., 597 F.3d 570, 576 (4th Cir. 2010) (citing *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986)). In ruling on a motion for summary judgment, "the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor." *Id*. (quoting *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999)); *see also Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990).

## Habeas Standard of Review

Since the Petitioner filed his petition after the effective date of the Antiterrorism and

Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C.

§ 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320, 322-23 (1997); *Breard v. Pruett*, 134

F.3d 615, 618 (4th Cir.1998). Under the AEDPA, federal courts may not grant habeas corpus

relief unless the underlying state adjudication:

> 1. resulted in a decision that was contrary to, or involved
>    an unreasonable application of, clearly established
>    Federal law, as determined by the Supreme Court of
>    the United States; or
>
> 2. resulted in a decision that was based on an
>    unreasonable determination of the facts in light of the
>    evidence presented at the State court proceeding.

28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court

may not issue the writ simply because that court concludes in its independent judgment that the

relevant state-court decision applied clearly established federal law erroneously or incorrectly.

Rather, that application must also be unreasonable." *Williams*, 529 U.S. at 410. "A state court's

determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded

jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*,

562 U.S. 86, 31 S.Ct. 770, 786 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664

(2004)).

## <u>DISCUSSION</u>

The undersigned recommends that Respondent's Motion for Summary Judgment (Dkt.

No. 29) be granted.

### A. Ground One: Ineffective Assistance of Counsel During Plea Negotiations

Ground One of the Petitioner's habeas petition is without merit, and the Respondent is entitled to judgment as a matter of law.  The Petitioner argues that his counsel did not convey his initial plea offer of reduced charges and a recommended sentence of eight years before it expired on July 9, 2008. (Dkt. No. 1 at 6.)  Additionally, the Petitioner argues that his second plea offer of reduced charges and a recommended sentence of twelve years was not conveyed to him by counsel before it expired on August 21, 2008. (*Id.*)  The Petitioner contends the latter plea offer was conveyed to the petitioner by another attorney the day after the offer expired, and he did not meet with his counsel again until the day he was scheduled for trial. (*Id.*)  The Respondent argues this ground is procedurally barred because it was not raised before and ruled on by the PCR court.  The undersigned finds that the PCR court did consider whether the Petitioner's trial counsel was ineffective because she did not "sufficiently confer with applicant."  (Dkt. No. 30-1 at 110.)  The court further finds the PCR hearing contained ample testimony as to the Petitioner's plea offers, and their conveyance and expirations. (*Id.* at 47-141.) However, this court agrees with Respondent's argument that the Petitioner's ground is without merit.

The United States Supreme Court has said that a meritorious ineffective assistance of counsel claim must show two things: first, that counsel's performance was deficient and, second, that counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687-96 (1984). A court's evaluation of counsel's performance under this standard must be "highly deferential," so as to not "second-guess" the performance.  *Id*. at 689.  "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy."  *Id*. (internal quotation marks and citation omitted); *see also Bowie v. Branker*, 512 F.3d 112, 119 n.8 (4th Cir.

2008); *Fields v. Att'y Gen. of Md.*, 956 F.2d 1290, 1297-99 (4th Cir. 1992); *Roach v. Martin*, 757 F.2d 1463, 1467 (4th Cir. 1985). In order to establish the second prong of *Strickland*, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A "reasonable probability" has been defined as "a probability sufficient to undermine confidence in the outcome." Id. Review of ineffective assistance of counsel claims by a court where the charges resulted in a guilty plea requires even more deference:

> Hindsight and second guesses are also inappropriate, and often more so, where a plea has been entered without a full trial….The added uncertainty that results when there is no extended, formal record and no actual history to show how the charges have played out at trial works against the party alleging inadequate assistance. Counsel, too, faced that uncertainty. There is a most substantial burden on the claimant to show ineffective assistance.

*Premo v. Moore*, 562 U.S. 115, 132 (2011).

At the August 25, 2008, pre-trial hearing before Judge Harrington the day before Petitioner entered his guilty plea, Petitioner made similar allegations. (Dkt. No. 30-2 at 11-13.) Counsel stated that she had tried to explain the offer on Thursday, August 21, 2008. Because counsel and petitioner "obviously [could] not agree," counsel had another member of her office talk to the Petitioner about the offer as well. (*Id.*) Prior to this hearing, Counsel had another attorney in her office give Petitioner a letter. According to counsel's representations to Judge Harrington:

> Basically the letter just says that the solicitor would be willing to keep the offer open to plead to the trafficking, second, and PWID second, and the previous offer had been eight years and he had rejected that and she had upped it to 12 years ….

(*Id.* at 12. *see also* Dkt. No. 33-1.) Counsel relayed this information to Judge Harrington to explain how Petitioner had been informed of his plea offer. Petitioner questioned the dates in the letter concerning the expiration of the twelve year offer, noting the letter reflected expiration on

"Friday, August 21st" when August 21st was a Thursday.[2] (Dkt. No. 30-2 at 12.)   Regardless of the alleged error in the date and day of the week, Judge Harrington noted "[t]he State is being very generous in … extending the offer until close of business" that day, August 25th. (*Id.*)  The Defendant responded that he understood that the offer was still open and that he "will go to trial" and was "not taking" the offer.  (*Id.* at 12-14.)

Later that same day, Petitioner came back before the judge to complain of counsel's representation. (Dkt. No. 30-2 at 16-21.) The Petitioner did not address his plea offers at this hearing.  He complained he did not meet enough with counsel and did not believe he could be properly defended. (*Id.* at 17 & 19.)  Petitioner confirmed he was not able to hire an attorney, and did not wish to represent himself. (*Id.* at 19-20.)  The judge denied the request finding counsel expressed she was ready to proceed, Petitioner had been in custody over five months, and the case was ready to be called. (*Id.* at 20).

The following day, Petitioner entered his guilty plea to reduced charges without any sentencing recommendation, which the Petitioner acknowledged. (Dkt. No. 30-1 at 13.)  Judge Harrington accepted the plea.  He advised that he understood he was giving up his right to trial, and waiving any and all defenses to the charges. (*Id.* at 12.)  Petitioner did not clearly state satisfaction with his counsel, but his complaints appeared to turn on his "feeling" that she had not talked to him enough, and a question about bond, but not any specific defense. (*Id.* at 14-16.) Petitioner agreed, though, he was pleading guilty because he was guilty. (*Id.* at 15.) Counsel replied that she had researched the bond issue on failure to stop, and bond had been set. Further, upon questioning by the court, she also stated she was prepared to go to trial that day if

---

[2] The letter does not make any error in day and date.  It states the offer expires on "Friday, August 21, 2008 at 12:00 p.m." (Dkt. No. 33-1 at 2.)

necessary. (*Id.* at 16.)  However, she noted, "As we are talking he's telling me he doesn't want a

trial, Your Honor." (*Id.*)

   The Petitioner testified at the PCR hearing that he was notified of his first plea offer by

letter on June 17, 2008, but never met with counsel before the offer expired. (Dkt. No. 30-1 at

53-54; *see also* Dkt. No. 33-1 at 1.)  In contrast, counsel testified that the first plea offer

remained open until August 21, 2008, when she met with the petitioner, and he rejected the offer

in writing. (*Id.* at 83.)   At the PCR hearing, the State introduced a document signed by the

Petitioner and dated August 21, 2008, in which the Petitioner rejected the eight year plea offer.

(Dkt. No. 30-1 at 83; 102-03.)  The document is a written acknowledgement of the circumstances

of Petitioner's case and a summary of his plea offer.  The Petitioner indicated he did sign this

document, but did not understand what he was signing. (*Id.* at 60.)  Counsel testified that the

Petitioner rejected the second plea offer as well.  (*Id.* at 83-84.)

   The PCR judge found counsel's testimony at the PCR hearing to be "credible" and that

she "sufficiently and reasonably communicated with the Applicant regarding his case." (*Id.* at

108.)  The PCR judge's credibility ruling is a factual finding subject to deference. *Cagle v.

Branker*, 520 F.3d 320, 324 (4th Cir. 2008) (citing 28 U.S.C. § 2254(e)(1) ("for a federal habeas

court to overturn a state court's credibility judgments, the state court's error must be stark and

clear"));  *see also Marshall v. Lonberger*, 459 U.S. 422, 434 (1983) ("28 U.S.C. § 2254(d) gives

federal habeas courts no license to redetermine credibility of witnesses whose demeanor has

been observed by the state trial court, but not by them"). Petitioner may overcome this

presumption of correctness only by showing "clear and convincing evidence to the contrary."

*Wilson v. Ozmint,* 352 F.3d 847, 858-859 (4th Cir. 2003) *quoting Miller-El v. Cockrell,* 537 U.S.

322, 340 (2003) (internal citations omitted).  Petitioner has not put forth any persuasive

arguments to compel this court to reject the PCR Judge's credibility assessments. The evidence relied on the by PCR judge shows that Petitioner was informed of both of his plea offers, had opportunities to discuss the offers with counsel, and chose to reject those offers. *Compare Missouri v. Frye*, ___U.S.___, 132 S. Ct. 1399, 1408, 182 L. Ed. 2d 379 (2012) ("When defense counsel allowed the offer to expire without advising the defendant or allowing him to consider it, defense counsel did not render the effective assistance the Constitution requires."; *Kolle v. State*, 386 S.C. 578, 591, 690 S.E.2d 73, 80 (2010) ("We find plea counsel was deficient in advising Kolle that the State's initial plea offer was not a 'good deal' and misinforming Kolle that the offer would remain open until after the suppression hearing.") As to Ground One, Petitioner has not met his burden under §2254(d), and this court recommends that the Respondent is entitled to judgment as a matter of law.

## B.  Ground Two: Ineffective Assistance of Counsel by Failing to Confer and Withholding Evidence

Ground Two of the Petitioner's habeas petition is without merit and the Respondent is entitled to judgment as a matter of law. The Petitioner argues that his counsel failed to communicate with him and knowingly withheld evidence and legal advice from him. (Dkt. No. 1 at 8.) As discussed *supra*, the PCR found counsel's testimony at the PCR hearing to be "credible" and that she "sufficiently and reasonable communicated with the Applicant regarding his case." (Dkt. No. 30-1 at 108.) Counsel testified at the PCR hearing that she met with the Petitioner four or five times. (*Id.* at 93.) Counsel further testified that she had shared the Petitioner's discovery with him. (*Id.* at 78; 90-91.) Petitioner stated during his plea that he had viewed the video of the incident. (*Id.* at 21.) Counsel testified that she was prepared for trial and

that there was no further investigation needed due to the factual nature of the case. (*Id.* at 79; 81.) Counsel testified to the motions she had prepared for trial. (*Id.*)

Counsel testified that she explained to Petitioner South Carolina's drug enhancement provisions and that his record would not be admissible at trial but would be considered for sentencing. (*Id.* at 78.) The Petitioner maintained that he had not been convicted of trafficking before. (*Id.* at 93.) The PCR judge cited the plea judge's explanation of the drug enhancement provisions as well as the Petitioner's apparent comprehension of the provisions. (*Id.* at 108; *see also id.* at 11.) "Absent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy." *Fields v. Attorney Gen. of State of Md.*, 956 F.2d 1290, 1299 (4th Cir. 1992) (citing *Blackledge v. Allison,* 431 U.S. 63, 74–75 (1977); *Little v. Allsbrook,* 731 F.2d 238, 239–40 n. 2 (4th Cir.1984)).

Petitioner has not met his burden to overcome the PCR judge's credibility determinations. Petitioner must present evidence that shows the state court's error is "stark and clear." *Cagle*, 520 F.3d at 324. There is no such evidence in the case at bar. Likewise, he has not put forth any evidence as to why he should not be bound by his own representations during the plea colloquy. As to Ground Two, Petitioner has not met his burden under §2254(d), and this court recommends that the Respondent is entitled to judgment as a matter of law.

### C. Ground Three: Trial Judge's Denial of Petitioner's Motion to Relieve

Ground Three of the Petitioner's habeas petition is without merit and the Respondent is entitled to judgment as a matter of law. The Petitioner argues that Judge Harrington erred by not removing his counsel despite trial counsel being unprofessional, not being prepared, not communicating, not developing a "client and attorney relationship," and having him sign his

rejection of the state's initial plea offer in bad faith. (Dkt. No. 1 at 9.)  The Petitioner previously

raised this issue before the Court of Appeals and was denied relief. (Dkt. No. 30-1 at 136-137.)

Petitioner moved to have his attorney relieved on August 25, 2008, at his second hearing

before Judge Harrington. (Dkt. No. 30-2 at 16-21.)  Petitioner argued that he did not meet

enough with counsel and did not believe he could be properly defended. (*Id.* at 17 & 19.)

Petitioner confirmed he was not able to hire an attorney, and did not wish to represent himself.

(*Id.* at 19-20.)  The judge denied the request finding counsel expressed she was ready to proceed,

Petitioner had been in custody over five months, and the case was ready to be called for trial. (*Id.*

at 20).

During his plea, Judge Harrington asked Petitioner if he was satisfied with his attorney.

(Dkt. No. 30-1 at 14.)  He responded "No, Ma'am. Yes, Ma'am." (*Id.*) Judge Harrington then

mentioned the motion to relieve counsel heard the day before and again asked Petitioner if he

had "any complaints." (*Id.*) The Petitioner responded by repeating he still wanted more time with

counsel, but did not articulate any new or specific reasons he needed more time or that she was

insufficient. (*Id.* at 14-15.)  When asked if he was "pleading guilty because [he was] guilty" by

Judge Harrington, Petitioner responded "Yes. I'm guilty." (*Id.* at 15.)

On appeal, the Court of Appeals held that "[t]he plea court conducted sufficient inquiry

into the basis of Kearse's complaints against plea counsel" and that "the plea court did not abuse

its discretion in denying Kearse's motion to relieve counsel."  (Dkt. No. 30-1 at 137.)  The right

to counsel is guaranteed by the Sixth Amendment. U.S. Const. amend. VI.  The Court of Appeals

cited *State v. Sims*, 304 S.C. 409, 414, 405 S.E.2d 377, 380 (1991), as holding what factors a

court may consider when reviewing whether a trial court abused its discretion on a motion to

substitute counsel.  (Dkt. No. 30-1 at 137.)  The *Sims* court relied on the factors set out in *United*

*States v. Gallop*, 838 F.2d 105, 108 (4th Cir. 1988), which, in turn, relied upon *Morris v. Slappy*, 461 U.S. 1, 103 S.Ct. 1610 (1983). Thus, the issue was decided on federal law.

The record supports that the trial judge properly inquired into the bases of Petitioner's complaints against counsel and was within her discretion in denying his motion. Petitioner's complaints that he did not meet with counsel enough and form a "client and attorney relationship" did not affect counsel's ability to be prepared for trial. A criminal defendant does not have a constitutional right to a "meaningful relationship" with his counsel. *Morris v. Slappy*, 461 U.S. 1, 14, (1983). Petitioner confirmed on the record he could not afford private counsel and did not want to represent himself. Indigent defendants do not have a constitutional right to the counsel of their choice. *United States v. Gonzalez-Lopez*, 548 U.S. 140, 151-152, (2006) ("the right to counsel of choice does not extend to defendants who require counsel to be appointed for them"). This court finds that Judge Harrington did not abuse her discretion in denying Petitioner's motion to relieve counsel. As to Ground Three, Petitioner has not met his burden under §2254(d), and this court recommends that the Respondent is entitled to judgment as a matter of law.

### D.  Ground Four: Trial Judge's Participation in the Plea

Ground Four of the Petitioner's habeas petition is without merit and the Respondent is entitled to judgment as a matter of law. The Plaintiff argues that Judge Harrington pressured Petitioner and "induce[d]" a guilty plea "by mental coercion overbearing the [Petitioner's] will." (Dkt. No. 1. at 11.) Petitioner did not raise this issue on his appeal or before the PCR court. The claim is without merit. Upon a review of the transcripts of the Petitioner's pre-trial proceeding and his guilty plea, Judge Harrington acted appropriately and properly inquired into the Petitioner's concerns. Petitioner stated during his plea that he had not been threatened or

promised anything to plead guilty. (Dkt. No. 30-1 at 22.)  When asked if he was "threatened…, forced…, or coerced" to plead guilty, Petitioner responded "[n]o, Ma'am." (*Id.* at 13.)  After agreeing the facts stated by the solicitor were true, Petitioner was asked by Judge Harrington whose decision it was to plead guilty to the three indictments, and Petitioner responded, "[m]y decision." (*Id.*at 23.)  He stated he was truthful with the plea court and did not wish to change any of his responses during the plea colloquy. (*Id.*) Judge Harrington asked Petitioner, "[a]re you pleading guilty to these three indictments…freely and voluntarily?" (*Id.*)  Petitioner responded, "Yes, Ma'am." (*Id.*)  In accepting the plea, Judge Harrington found Petitioner's plea to be "freely, voluntarily, knowingly and intelligently made." (*Id.* at 25.)

Petitioner has not put forward any evidence showing that he should not be bound by his repeated representations in the plea colloquy. As discussed *supra*, Petitioner is bound by the representations he made during his plea unless he presents "clear and convincing evidence to the contrary". *Field*, 956 F.2d at 1299.  Petitioner's only argument is that he did not realize at the time he entered his plea that the judge's questions concerning the voluntariness of the plea were meant to include coercion by the judge. (Dkt. No. 1 at 11-12.)  This evidence does not approach being clear and convincing in light of the transcript of the Petitioner's plea.  As to Ground Four, Petitioner has not met his burden under §2254(d), and this court recommends that the Respondent is entitled to judgment as a matter of law.

## **RECOMMENDATION**

Accordingly, the undersigned Magistrate Judge **RECOMMENDS** that the Respondent's Motion for Summary Judgment (Dkt. No. 30) be **GRANTED.**

**IT IS SO RECOMMENDED.**

January 14, 2016

Charleston, South Carolina

_____

MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).